## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **MEAGHAN ONEY MAY,**<br>**Plaintiff** | § <br> § <br> § | |
| **vs.** | § <br> § | **CIVIL ACTION NO. 2:16-CV-1219**<br>**JURY** |
| **LIBERTY TRUCK & TRAILER**<br>**LEASING & SALES, LLC and**<br>**DONALD DALLAS PIERCY, II**<br>**Defendants.** | § <br> § <br> § <br> § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, Meaghan Oney May, Plaintiff, and files this her Original Complaint against Liberty Truck & Trailer Leasing & Sales, LLC and Donald Dallas Piercy, II, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of an automobile accident which injured Meaghan Oney May on or about November 7, 2014.

### PARTIES

2. Meaghan Oney May is an individual who resides in the State of Texas.

3. Liberty Truck & Trailer Leasing & Sales, LLC is a limited liability company organized in the State of Oklahoma and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its registered agent, Kenneth F. Albright, 15 W. 6th Street, Suite 2600, Tulsa, Oklahoma 74119.

4. Donald Dallas Piercy, II is an individual who resides at 5067 Bronco Drive, Clarkston, Michigan 48346 and may be served with the summons and complaint at this address.

## JURISDICTION AND VENUE

5.    Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

6.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

## FACTUAL BACKGROUND

7.    On or about November 7, 2014, Meaghan Oney May was operating a 2008 Mercury Milan in a careful and prudent manner, traveling northbound on U.S. Highway 59 in Harrison County, Texas.  Defendant Donald Dallas Piercy, II was driving a 2013 Kenworth truck and towing a trailer owned by Liberty Truck & Trailer Leasing & Sales, LLC in the course and scope of his employment with Defendant Liberty Truck & Trailer Leasing & Sales, LLC.  Defendant Donald Dallas Piercy, II was traveling northbound on U.S. Highway 59, and following behind Plaintiff.  Suddenly and without warning, Defendant Donald Dallas Piercy, II failed to control the speed of the 2013 Kenworth and struck the rear of Plaintiff's vehicle, subjecting the Plaintiff to tremendous force.

8.    At the time of the occurrence, Defendant Donald Dallas Piercy, II was in the course and scope of his employment with Defendant Liberty Truck & Trailer Leasing & Sales, LLC

## NEGLIGENCE AND NEGLIGENCE PER SE

9.    Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

10.   Defendant Donald Dallas Piercy, II was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but

is not limited to, the following:

    A.         Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated,

Transportation Code, which reads, in pertinent part, as follows:

> (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

    B.         Failing to keep a proper lookout.
    C.         Failing to timely apply his brakes.
    D.         Failing to control the vehicle.
    E.         Failing to act and/or respond in a reasonable manner.
    F.         Failing to control the speed of the vehicle.

11.    The foregoing acts of negligence and negligence per se by Donald Dallas Piercy, II, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiff.

12.    At the time and on the occasion in question, and immediately prior thereto, Defendant Liberty Truck & Trailer Leasing & Sales, LLC committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

13.    The independent acts of negligence of Defendant Liberty Truck & Trailer Leasing & Sales, LLC, include but are not limited to, the following:

    A.         Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

    B.         Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

C.     Failing to properly train its driver.

14.     Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiff.

## RESPONDEAT SUPERIOR

15.     Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

16.     Defendant Liberty Truck & Trailer Leasing & Sales, LLC is liable for the damages proximately caused to Plaintiff by the conduct of Defendant Donald Dallas Piercy, II in that Defendant Liberty Truck & Trailer Leasing & Sales, LLC was the employer of Defendant Donald Dallas Piercy, II on the date that Defendant Donald Dallas Piercy, II negligently injured Plaintiff, as alleged above, and Defendant Donald Dallas Piercy, II was acting within the course and scope of that employment when that injury occurred or Defendant Liberty Truck & Trailer Leasing & Sales, LLC  had the right to control the activities of Donald Dallas Piercy, II.

## NEGLIGENT ENTRUSTMENT

17.     Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

18.     At the time and on the occasion in question, and immediately prior thereto, Defendant Liberty Truck & Trailer Leasing & Sales, LLC was guilty of negligent entrustment and knew or should have known that Defendant Donald Dallas Piercy, II was a negligent and reckless driver.

## NEGLIGENT UNDERTAKING

19.     Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the

same where relevant.

20.    Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles.  Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection.  Defendants failed to exercise reasonable care in performing those obligations. Plaintiff relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

## DAMAGES TO MEAGHAN ONEY MAY

21.    Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

22.    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Meaghan Oney May was caused to suffer and to endure anxiety, pain, and illness.  Consequently, Meaghan Oney May is entitled to the following items of damages:

A.    Reasonable and necessary medical care and expenses in the past;

B.    Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering which, in reasonable probability, will be incurred in the future;

E.    Mental anguish in the past;

F.    Mental anguish which, in reasonable probability, will be incurred in the future;

G.    Physical impairment in the past;

H.      Physical impairment which, in reasonable probability, will be suffered in the future;

I.      Physical disfigurement in the past;

J.      Physical disfigurement which, in reasonable probability, will be suffered in the future;

K.      Loss of earning capacity in the past; and

L.      Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## GROSS NEGLIGENCE

23.     Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

24.     Defendants committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages.

## JURY DEMAND

25.     Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiff recover the following:

A.      Actual damages;

B.      Post-judgment interest as allowed by Federal law;

C.      Court costs, fees and other expenses; and

D.      Other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**GOUDARZI & YOUNG, L.L.P.**
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026
goudarziyoung@goudarzi-young.com


By: _____
        Brent Goudarzi
        Texas Bar No. 00798218
        Marty Young
        Texas Bar No. 24010502

ATTORNEYS FOR PLAINTIFF